**Katy Stack**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329 Missoula**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**E-mail: katherine.stack@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 26-06-BU-WWM** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |
| **CAMERON DUANE HAWORTH,** | |
| **Defendant.** | |

The United States of America hereby submits its response to defendant Cameron Haworth's Motion to Dismiss the indictment, filed with this Court on March 30, 2026.  For the following reasons, his motion should be denied.

### FACTS

On February 5, 2026, a Montana grand jury returned an indictment charging Haworth with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and criminal forfeiture pursuant to 18 U.S.C. § 924(d).  (Doc. 2).

The offense occurred on or about August 13, 2025, at Dillon, within Beaverhead County, Montana.  Law enforcement executed a federal search warrant for Haworth's residence and found six firearms and ammunition.  The firearms all traveled in interstate commerce.  Haworth has not had his right to possess firearms restored.

*Haworth's felony convictions*

In 1995, Haworth was convicted of three felonies: Possession of a Controlled Substance – Methamphetamine, Forgery, and Burglary in Pocatello, Idaho. In 1997, Haworth was convicted of Escape in Moscow, Idaho.

## ARGUMENT

Mr. Haworth seeks to dismiss the indictment, charging 18 U.S.C. § 922(g)(1), on the basis that it violates the Second Amendment. Section 922(g)(1) prohibits the possession of firearms and ammunition by a person who has been convicted of a crime punishable by imprisonment for one year.

Haworth's motion should be denied because it is foreclosed by Ninth Circuit precedent.  Applying *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and its progeny *United States v. Rahimi*, 602 U.S. 680 (2024), the Ninth Circuit has held that Section 922(g)(1) is constitutional as applied categorically to non-violent felons because the prohibition is consistent with the Nation's historical tradition of firearm regulation.  *United States v. Duarte*, 137 F.4th 743, 762 (9th

2

Cir. 2025).  The Court also confirmed its holding in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) — that Section 922(g)(1) constitutionally prohibits the possession of firearms by felons — has not been disturbed by *Bruen* or *Rahimi*.  *Id*. at 750.  Accordingly, Haworth's motion should be denied.

DATED this 10th day of April, 2026.

TIMOTHY J. RACICOT
Acting United States Attorney

/s/ Katy Stack
Katy Stack
Assistant U. S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response

contains 453 words, excluding the caption and certificate of compliance.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Katy Stack*

Katy Stack
Assistant U. S. Attorney